UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

JAMES L. MURPHY,                )
                                )
            Petitioner,          )
                                )
      v.                         )   Case No. 1:22CV973
                                )
TODD ISHEE,                      )
                                )
            Respondent.          )
                                )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner James L. Murphy, a prisoner of the State of North Carolina, brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. #1]. According to the Petition, on March 21, 2019, Petitioner pled guilty to one count of robbery with a dangerous weapon in Scotland County, North Carolina. As part of his plea agreement, he was sentenced to 110 to 144 months imprisonment, to run concurrently with a sentence he was serving from a 1994 conviction in Guilford County. (Respondent's Brief [Doc. #7] Exh. 5 at 4; Exh. 6 at 2.) Petitioner did not file a direct appeal. (Petition, ¶ 8.) Petitioner filed a Motion for Appropriate Relief in the Superior Court of Scotland County on July 12, 2022, but the court determined it did not have jurisdiction because the MAR was attacking his 1994 conviction from Guilford County. (Respondent's Brief [Doc. #7] Exh. 7.)

On May 23, 2022, Petitioner filed what the court construed as a Petition for Writ of Habeas Corpus in the United States District Court for the Western District of North Carolina. (Petition [Doc. #1] at 17-18.) In accordance with 28 U.S.C. § 2241(d), that court determined

the petition was not properly filed in the Western District and order it to be transferred to the Middle District. See Murphy v. State of North Carolina, Case No. 1:22-cv-111 (W.D.N.C. June 9, 2022). In an Order and Recommendation entered in this Court on October 19, 2022, it was determined that because of pleading failures the petition could not be processed further and should be dismissed. The Recommendation directed the Clerk of Court to provide Petitioner with the proper forms and instructions for filing a § 2254 petition. Murphy v. State of North Carolina, Case No. 1:22-cv-441 (M.D.N.C. Oct. 19, 2022). The Recommendation was adopted without objection, and the case was dismissed without prejudice. Id. Petitioner then signed and submitted his current Petition on November 8, 2022, and it was received in this Court on November 10, 2022. Petitioner filed a subsequent Letter [Doc. #4] on October 23, 2023, that appeared to withdraw his initial claim. Respondent then filed a Motion for Summary Judgment [Doc. #6] and Brief in support [Doc. #7]. Petitioner filed no response to the Motion for Summary Judgment despite being notified of his right to do so and despite being informed that summary judgment would likely be granted if Petitioner failed to file a response. (Roseboro Letter [Doc. # 8].) Respondent's unopposed Motion for Summary Judgment is now before the court.

## Petitioner's Claim

In his only claim in the Petition, Petitioner asserts he was subject to double jeopardy. He argues his current sentence was supposed to run concurrently with his 40-year sentence from his 1994 conviction in Guilford County. He says the 40-year sentence ended on February

5, 2021, and therefore, he is being held in violation of double jeopardy.[1] However, in a subsequent letter filed with the Court on October 23, 2023, Petitioner appears to withdraw his claim, stating, "[I] filed a petition for a writ of habeas corpus, being under the assumption that my case was violated by the Double Jeopardy Clause. I was wrong." (Pro Se Letter [Doc. #4] at 1.) In the Letter, Petitioner then proceeds to argue that if he had understood certain guidelines for sentencing, he would have argued to be sentenced in a mitigating range. He contends he is not trying to get out of prison, but rather has a goal of work release. (Id. at 1-2.)

Discussion

Respondent has moved for summary judgment seeking denial of the Petition. In the brief in support of the Motion for Summary Judgment, Respondent argues that Petitioner's claims are time-barred, unexhausted, and without merit. Respondent also notes that based on the Letter filing made after his Petition, it appears Petitioner has abandoned his only claim, which was a claim based on double jeopardy.

With respect to Respondent's argument that the claim is time-barred, the Court must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

---

[1] As explained by the State, "Petitioner began serving his sentence for his 1994 Guilford County conviction on 12 December 2004. While serving that sentence, Petitioner was paroled in 2014. Before the parole period ended, Petitioner committed a new armed robbery on 26 June 2018, for which he was charged and later convicted in 2019. The 2019 plea arrangement stated that the sentence "is to run concurrent with sentence currently serving," which was the 1994 Guilford County conviction. The remaining time on the sentence for the 1994 Guilford County conviction was completed on 5 February 2021. Petitioner's sentence for the 2019 Scotland County conviction began on the date of conviction, 21 March 2019 and will run for a minimum 110, maximum 144 months; the current projected release date for this conviction is 12 September 2027." (Respondent's Brief [Doc. #7] at 4 (internal citations omitted).)

Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Turning first to subparagraph (A), a petitioner's one-year limitation period ordinarily begins under that provision on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended. With respect to Petitioner's conviction in Scotland County, judgment was entered by the court on March 21, 2019. Petitioner had fourteen days from that date to give notice of his intent to file an appeal. <u>See</u> N.C. R. App. P. 4(a)(2) (2017). The record indicates that Petitioner did not give notice of appeal. When the time for doing so expired on April 4, 2019, his judgment became final. Petitioner's time to file in this Court under subparagraph (A) began to run on that date and expired a year later, on April 6, 2020. Petitioner did not file his petition in this Court until November of 2022, well outside of the one-year period for filing. Even giving him the benefit

4

of the petition incorrectly filed in the Western District, that Petition was filed in May of 2022, over two years after his time to file had already expired.

It is true that properly filed attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the only MAR filed by Petitioner was with respect to his 1994 conviction in Guilford County, not the offense at issue in the case. Moreover, that MAR was not filed until July 12, 2022, more than two years after his one-year period for filing a petition in this Court had already expired.

Petitioner does not make any arguments that subparagraphs (B), (C), or (D) apply to provide him more time to file. There is no indication or allegation of any impediment created by State action under subparagraph (B), nor does Petitioner rely on a newly-recognized right made retroactively applicable on collateral review under subparagraph (C). Further, with respect to subparagraph (D), the facts underlying Petitioner's claims for relief would all have been known to him at the time of his conviction in 2019.[2] Therefore, these subparagraphs could not render his claims timely.

The Court also notes that the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). However, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been

---

[2] Indeed, the only other date Plaintiff even mentions is the expiration of his sentence for the 1994 Guilford County conviction on February 5, 2021, but his first attempt at collateral relief was still more than a year later, in the May 2022 filing in the Western District.

5

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (internal quotation omitted). Petitioner here has not shown any extraordinary circumstances. Petitioner also has not shown diligence throughout the entire post-conviction process; waiting three years to raise claims shows a lack of due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner sets out no facts that would support equitable tolling or a finding of diligence on his part.

In his Petition, with respect to timeliness Petitioner states, "I was not aware of the one year statute of limitation." (Petition [Doc. #1] ¶ 18.) He also argues that in one of his state filings he asked for counsel to help him. (Id.). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing similar holdings from the First, Fifth, Eighth, and Tenth Circuits); see also Castillo v. Perritt, 142 F. Supp. 3d 415, 418 (M.D.N.C. 2015). In other words, "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to [a petitioner's] control." Sosa, 364 F.3d at 512. Therefore, this Court rejects Petitioner's argument that his lack of counsel or lack of legal knowledge in any way excuses the multi-year delay between the date that his state convictions became final and his filing of a Petition. Thus, Petitioner is not entitled to equitable tolling as to his claims, and those claims were filed out of time.[3]

---

[3] Respondent also contends that Petitioner's claim is not properly exhausted. Title 28 U.S.C. § 2254(b)(1) requires petitioners to exhaust their state court remedies, i.e. allow "the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . [by] fairly present[ing] his claim in each appropriate state court . . ., thereby alerting that court to the federal nature of the claim.'" Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010) (internal quotations omitted). Here, Petitioner did not file a direct appeal and according to the Scotland County court the only MAR filed did not pertain to his conviction in Scotland County. Therefore, Petitioner's claim has not been presented to the state courts and has not been

Therefore, the Petition is untimely under § 2244(d)(1), and Respondent's Motion for summary judgment should be granted.[4]

IT IS THEREFORE RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #6] be granted, that the Petition [Doc. #1] be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a

---

exhausted. The Court need not consider further the lack of exhaustion given that the claims are time-barred in any event as set out above.

[4] The Court also notes that Petitioner's claims appear baseless in any event, and it appears that Petitioner no longer seeks to pursue his claims. In the Petition, Petitioner asserts that he was subject to double jeopardy because his current sentence was supposed to run concurrently with his 40-year sentence on his 1994 conviction from Guilford County. He says the 40-year sentence ended on February 5, 2021, and therefore, he is being held in violation of double jeopardy. "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). It is clear Petitioner was not prosecuted or punished for the same offense twice. Petitioner was convicted of different crimes occurring in different counties in different years. Petitioner was convicted and sentenced in 2019 for a crime he committed in Scotland County in 2018, and Petitioner was convicted and sentenced in 1994 for crimes occurring in Guilford County in 1992. Petitioner has no basis for a double jeopardy-related claim.

Moreover, insofar as Petitioner is arguing he is being held after his full sentence has been served, his claim is also clearly without merit. Petitioner's plea agreement for his 2019 conviction in Scotland County provided that his sentence for that crime would run concurrently with any other sentence he was serving. (Respondent's Brief [Doc. #7] Exh. 4 at 4.) When Petitioner began serving the sentence on March 21, 2019, he was still serving time on his sentence for the 1994 Guilford County convictions. As provided in the plea agreement, he was allowed to serve the sentences concurrently, and was given credit for both sentences from March 21, 2019, until the Guilford County sentence was completed on February 5, 2021. (Respondent's Brief [Doc. #7] Exh. 6 at 3-4.) However, the completion of the Guilford County sentence did not entitle Petitioner to release from prison, as he had served less than two years of the 110-to-144-month sentence on the 2019 Scotland County conviction.

Finally, the Court notes that in his subsequent Letter filing, Petitioner appears to withdraw the double jeopardy claim, and requests a reduced sentence or sentence in the mitigated range to allow for work release. These contentions were not part of the Petition, and it does not appear that Petitioner is raising new federal habeas claims, which would in any event be subject to the statute of limitations bar raised in the subsequent Motion for Summary Judgment. As noted above, Petitioner did not respond to the Motion for Summary Judgment despite being cautioned that if he did not respond, "it is likely your case will be dismissed or summary judgment will be granted in favor of the respondent." Thus, it appears that Petitioner is no longer pursuing his claims. The Court has nevertheless considered the Petition and the Motion for Summary Judgment and concludes that the Petition is time-barred as set out above.

constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 17th day of July, 2024.

                                                           /s/ Joi Elizabeth Peake
                                                           Joi Elizabeth Peake
                                                       United States Magistrate Judge